| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| --- | --- | --- |
| VÍCTOR FORTUNATO IRIZARRY<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DIVISIÓN DE REMEDIOS ADMISTRATIVOS)<br><br>Parte Recurrida | KLRA202400460 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación de Puerto Rico, División de Remedios Administrativos<br><br>Caso Núm.:<br>PP-93-24<br><br>Sobre:<br>Bonificación y salario laboral |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de agosto de 2024.

Compareció por derecho propio la parte recurrente, Sr. Víctor Fortunato Irizarry (en adelante, "señor Fortunato Irizarry" o "Recurrente"), quien se encuentra confinado en la Institución Ponce Principal, mediante recurso de revisión judicial presentado el 15 de agosto de 2024. Nos solicitó la revocación de la "**Respuesta al Miembro de la Población Correccional**" (en adelante, "Respuesta") emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "DRA") el 14 de mayo de 2024 y notificada al Recurrente el 28 de mayo de 2024. Dicha determinación fue objeto de una "**Solicitud de Reconsideración**" interpuesta por el señor Fortunato Irizarry que fue denegada por la DRA mediante "**Respuesta de Reconsideración al Miembro de la Población Correccional**" el 14 de junio de 2024 y notificada al Recurrente el 10 de julio de 2024 (en adelante, "Respuesta en Reconsideración").

Por los fundamentos que expondremos a continuación, se *desestima* el recurso tras su presentación tardía.

**I.**

Con fecha del 12 de abril de 2024, el señor Fortunato Irizarry presentó una "**Solicitud de Remedio Administrativo**" ante la DRA. Mediante la misma, el Recurrente cuestionó su plan institucional al presuntamente no bonificársele por concepto de estudio y trabajo. Evaluada la solicitud, el 14 de mayo de 2024 la DRA emitió la *Respuesta*, mediante la cual denegó la solicitud de bonificación del señor Fortunato Irizarry puesto que la condena que recayó en su contra dio lugar a una determinación de reincidencia habitual que lo excluía de obtener bonificación por buena conducta y por concepto de estudio y trabajo.

Inconforme con dicha determinación, el 10 de junio de 2024, el Recurrente presentó una "**Solicitud de Reconsideración**". Mediante la *Respuesta en Reconsideración* emitida el 14 de junio de 2024 y notificada al señor Fortunato Irizarry el 10 de julio de 2024, la DRA denegó la solicitud de reconsideración presentada por este último. Aún insatisfecho, el Recurrente compareció ante este Tribunal mediante el recurso de revisión judicial que nos ocupa y le imputó a la DRA los siguientes errores:

Primer error: Cometió grave error la administración de corrección y Rehabilitación en violación al mandato constitucional de la rehabilitación. (DCR)

Segundo error: Cometió grave error la administración de Corrección (DCR) al no cumplir con lo estipulado en el Reglamento de Bonificación. (DCR)

Terce[r] error: Cometió grave error la administración de Corrección (DCR) al incumplir con el Plan de Reorganización núm. 8.

Cuarto error: Cometió grave error la agencia de División de Remedios Administrativo al incumplir con el Termino [sic] término de copia codificada y otros y permitir que la contestara y escriviera [sic] escribiera directamente a la personal que se le esta [sic] haciendo dicho remedio.

**II.**

**A.**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves*, supra*, pág. 273*;* Pérez Soto v. Cantera Pérez, Inc., *et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves*, supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Torres Alvarado v. Madera Atiles*,* 202 DPR 495, 501 (2019).

Cónsono con lo anterior, la Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a

que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU"), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. López Rivera v. Adm. de Corrección, 174 DPR 247, 254-255 (2008).

Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión judicial ante este Tribunal de Apelaciones. OEG v. Martínez Giraud, 210 DPR 79, 88 (2022); AAA v. UIA, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. OEG v. Martínez Giraud, *supra*, pág. 88; secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.

[…]

> Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd. (énfasis suplido).

De otra parte, la Sección 3.15 de la LPAU dispone que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**. 3 LPRA sec. 9655 (énfasis suplido).

Por último, es necesario señalar que la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. Rosario Domínguez v. ELA, 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Íd., págs. 208-209.

**III.**

Conforme se desprende del expediente ante nos, el Recurrente solicita la revisión de la determinación arribada por la DRA mediante la cual se le denegó una petición de reconsideración, a través de la cual sostuvo que procedía la bonificación por concepto de estudio y trabajo. No obstante, a poco que examinemos el expediente ante nuestra consideración,

notamos que la determinación de la cual el señor Fortunato Irizarry recurre ante este Tribunal fue emitida el 14 de junio de 2024 y **notificada a este último el 10 de julio de 2024**.

A la luz de las disposiciones normativas reseñadas, una parte adversamente afectada por un dictamen final de una agencia administrativa cuenta con un término de treinta (30) días para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Así también, si se presentase una solicitud de reconsideración sobre dicha determinación final dentro del plazo estatutario para ello, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración, si ese fuera el caso. 3 LPRA sec. 9655.

En vista de lo anterior, el Recurrente tenía **hasta el 9 de agosto de 2024** para recurrir ante este Tribunal y solicitar la revisión en los méritos del dictamen emitido por la DRA el 14 de junio de 2024. **Sin embargo, el recurso fue presentado por el señor Fortunato Irizarry el 15 de agosto de 2024, es decir, fuera del plazo jurisdiccional de treinta (30) días que dispone la LPAU**. Lo anterior, nos obliga decretar la desestimación del recurso ante nos, tras su presentación tardía.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Sentencia*, se *desestima* el recurso de epígrafe, por haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones